# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF GILBERT DOMINGUEZ, et al.,<br>    Plaintiffs,<br><br>           v.<br><br>ESTES EXPRESS LINES, INC., et al.,<br>    Defendants. | CV 22-6399 DSF (MARx)<br><br>Order GRANTING Motion to Remand (Dkt. 45) |

   On September 7, 2022, this case was removed based on federal question jurisdiction due to ERISA preemption of Plaintiffs' state law claims for recovery of certain benefits provided under an employee benefit plan. Plaintiffs expressed their intention to eliminate their claims for recovery of those benefits and seek remand to state court. Eventually, Plaintiffs filed their Second Amended Complaint (SAC) which Plaintiffs claim no longer seeks ERISA-related damages. Plaintiffs have therefore moved to remand the case. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15.

   Defendants argue that the case should not be remanded because the SAC still references that Defendants allegedly "wrongfully refused to pay any work, disability and life insurance benefits and policy payments." SAC ¶ 9. However, Plaintiffs do not demand recovery of such payments in ¶ 9 or anywhere else in the SAC. The only other part of the SAC Defendants point to is ¶ 30, where Plaintiffs refer to the decedent being hindered from "obtaining critical benefits" by Defendants' alleged wrongful acts. Again, there is no indication in ¶ 30

or anywhere else in the SAC that Plaintiffs are seeking recovery of such benefits.  Since removal of the case, Plaintiffs have consistently indicated that they do not wish to seek any ERISA benefits in this case.  There are at best two errant references to benefits in the SAC, but no indication that such recovery is sought and clear statements to the contrary by counsel in multiple filings and in court.  On this record, the Court finds that Plaintiffs are not stating any claims that would be preempted by ERISA.

Because all claims over which the Court has original jurisdiction have been dismissed and the case is in the very early stages, the Court declines to exercise supplemental jurisdiction over the action.  The motion to remand is GRANTED.  The case is REMANDED to the Superior Court of California, County of Los Angeles. [1]

IT IS SO ORDERED.

Date: March 8, 2023

Dale S. Fischer
United States District Judge

---

[1] Defendants suggest that remand would be wasteful because Plaintiffs will inevitably attempt to reassert an ERISA or ERISA-preempted claim.  If such a claim is eventually reasserted, Defendants can remove again at that time.